(No. 77-CC-2187 -

WESTERN WATERPROOFING COMPANY, Claimant *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 9, 1979.*

RICHARD A. HOLLIS, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

POLOS, C.J.

This matter is before the Court on the stipulation of the parties. That stipulation establishes that Claimant, Western Waterproofing Company, was awarded a contract for certain work on the Armory Building at Dixon, Illinois. After the contract was awarded and the work commenced, Claimant determined that in order to adequately complete the job, it was necessary to replace windows around the upper perimeter of the Armory. This involved removing the old glazing and replacing the glass where missing or broken with new glazing prior to painting.

The Capitol Development Board was the contracting agency on behalf of the using agency, the Military and Naval Department. The project manager overseeing the work on behalf of the Capitol Development Board was one Mr. J. Delaney, who is no longer employed by the State. It appears that Mr. Delaney, upon receiving a proposal from Claimant, approved

the proposal and told Claimant to proceed with the additional work. The work was completed, but a "Request For Proposal And Change Order" was never processed. The "request" was recommended by the contractor, by the using agency, and by the Capitol Development Board. However the change order was never approved and issued by the Capitol Development Board. The Capitol Development Board had provided for a ten percent contingency in their appropriations and allocations for this contract, and there were adequate funds remaining in the project at the time the verbal authorization was given by Mr. Delaney and the work performed.

Claimant is requesting the sum of $1,344.00 for the additional work performed, and there is no question as to the reasonableness of that charge, or the quality of the work performed.

The State of Illinois has agreed to submission of this matter on the foregoing stipulation, and agrees that an award should be made at the discretion of the Court.

On consideration of the foregoing, it is hereby ordered that Claimant be, and hereby is, awarded the sum of $1,344.00.